Per Curiam.

It was contended, but not with much confidence, that no legal consideration was shown for the promise, under which the plaintiff claims. But taking the recital to *135 ifte agreement declared on, we think it sufficiently appears, that before and at the time the notes were indorsed by the plaintiff for Churchill, the defendant had agreed to indemnify the plaintiff for one quarter part of the liability incurred by such indorsement; it being on the same day, the natural inference is, that it was all one transaction. If so, then the responsibility which the plaintiff assumed on himself by his indorsement, after the defendant’s promise to indemnify him, must be taken to have been assumed in consequence of that promise ; and pecuniary liability assumed in consequence of a promise to indemnify, is a good consideration for such promise.
Another point of law relied on was, that the plaintiff had no right to maintain this action, until he had commenced a suit against Churchill, and failed to recover the amount of him. But we think this is sufficiently answered by the terms of the defendant’s written contract. If Churchill should fail to pay the notes, that is, as appears from the whole agreement taken together, should fail to pay them when they became due, and Ine plaintiff should be compelled to pay the same, then the defendant did agree and bind himself to sustain one fourth of the loss. When therefore the notes became due, and Churchill failed to pay them, and the plaintiff was duly notified and thereupon compelled to pay, his right of action to recover one fourth part of the amount, of the defendant, was complete. Had he in fact collected or received the amount, of Churchill himself, by suit or otherwise, it would have been a good answer to the plaintiff’s claim, either in full or pro tanto; but it is not suggested that this was done. And we are all of opinion, that it was not necessary for the plaintiff to commence and prosecute a suit against Churchill, as a condition precedent to bringing this action. Whether therefore Churchill had property, which might have been attached by the plaintiff, was immaterial, and the evidence to that effect was rightly rejected.

Judgment on the verdict.